IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric L. Lyons,      Case No. 3:03CV7724

    Plaintiff

v.      ORDER

Larry A. Kaczala, Lucas County Auditor, et al.

    Defendants.

This is a pro se employment discrimination case arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. Plaintiff alleges that the defendant, Larry Kaczala, Auditor of Lucas County, Ohio, discriminated against him on the basis of gender with regard to his unsuccessful applications for a promotion and terminated him in retaliation for his filing a discrimination charge with the Equal Employment Opportunity Commission (EEOC).

Pending is defendants' motion for summary judgment. For the following reasons, defendants' motion shall be granted in part and denied in part.

## Background

Plaintiff is a male employee of the Lucas County, Ohio, Auditor's Office. Plaintiff has been employed with defendants since September 17, 1997, as a Real Estate Customer Service Associate.

On August 8, 2000, plaintiff hosted a birthday party for himself. He claims a female co-worker, Barbara A. Nash, made sexual advances toward him which he rebuked. Plaintiff claims that since his refusal, Nash has made several spurious job complaints against him. Plaintiff contends that he complained

to his supervisor, but no action was taken. Plaintiff claims that the harassment resulting from his rejection of Nash's August 8, 2000, sexual advances continued throughout his employment.

On January 22, 2002, plaintiff applied for the position of Clerk II Front Counter Fax Operator. This job was awarded to Pam Clair, a female employee with more seniority than plaintiff. In July, 2002, the same job again became available. Plaintiff applied, but the job was awarded to Barbara A. Nash, who allegedly had less seniority than plaintiff.

On September 12, 2002, plaintiff filed a discrimination charge with the Ohio Civil Rights Commission and the EEOC. On September 11, 2003, the EEOC issued a notice of right to sue, which was received by plaintiff on September 12, 2003.

On February 10, 2003, plaintiff was terminated from his position with defendants. Plaintiff has since been reinstated to his former position, received back pay, and had his benefits and seniority restored.

## Discussion

### 1. Employment Discrimination

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to "limit, segregate, or classify his employees . . . in any way which would . . .deprive . . . any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2).

#### a. Gender Discrimination - Failure to Promote

Plaintiff alleges that the defendant discriminated against him on the basis of gender by twice awarding a position to a female employee with less seniority. "Plaintiff bears the initial burden of establishing a prima facie case of gender discrimination." *Peltier v. U.S.*, 388 F.3d 984, 987 (6th Cir. 2004) (citing

*Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995)). Plaintiff may satisfy a prima facie case of gender discrimination through direct evidence of discrimination. *Laderach v. U-Haul of Northwestern Ohio*, 207 F.3d 825, 829 (6th Cir. 2000). "In discrimination cases, direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). "Once there is credible direct evidence, the burden of persuasion shifts to the defendant to show that it would have terminated the plaintiff's employment had it not been motivated by discrimination." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999).

Plaintiff has presented credible direct evidence of discrimination. In an affidavit, plaintiff states that John Vance, a front counter worker, told him that the job he applied for was a woman's job. In addition, Mark Machalski, a human resources director, told plaintiff that the only promotion he would get is out the door.

Defendants contest plaintiff's evidence as being included in a self-serving affidavit. Rule 56(e), however, states that the adverse party must respond to a motion for summary judgment by an affidavit or other appropriate means. Fed. R. Civ. P. 56(e). Plaintiff has done so and thus has raised a genuine issue of material fact as to whether defendants' failure to promote was motivated by discrimination.

### b.  Sexual Harassment

Plaintiff also asserts a claim for hostile work environment due to sexual harassment. Plaintiff "may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000). To prevail plaintiff must

show that: 1) he is a member of a protected class; 2) he was subject to unwelcomed sexual harassment; 3) the harassment was based on his sex; 4) the harassment unreasonably interfered with his performance and created a hostile work environment; and 5) the employer knew or should have known of the charged sexual harassment and failed to implement proper and appropriate corrective action. *Valentine-Johnson v. Roche*, 386 F.3d 800, 814 (6th Cir. 2004).

Plaintiff's claim for hostile work environment due to sexual harassment raises a genuine issue of material fact. Plaintiff is protected under Title VII. He alleges that Nash made unwanted sexual advances during a party on August 8, 2000, which he rebuked. Furthermore, in an affidavit and in his complaint, plaintiff states that Nash has made several job complaints against him and continually harassed him based on his rejection of her advances. Although plaintiff complained to a supervisor, no action was taken.

Defendants' motion for summary judgment with respect to plaintiff's gender discrimination claim and hostile work environment sexual harassment claim shall be denied.

## 2. Retaliatory Termination

In paragraphs twelve and thirteen of his complaint, plaintiff alleges that his termination was in retaliation for his filing the discrimination charge. Defendants move for summary judgment on this claim on the ground that the plaintiff had received all equitable relief to which he is entitled when he was reinstated, was given back pay, and had his seniority and benefits restored. In addition to seeking back pay, which plaintiff has already received, he also seeks emotional damages resulting from the alleged retaliatory termination.

Rule 56(e) states in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in the rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Plaintiff has failed to provide evidentiary support to raise a genuine issue of material fact as to his claim for emotional damages. Nothing in plaintiff's affidavits mentions emotional injuries resulting from his termination. Instead, plaintiff merely adopts the statements made in his complaint as true.

Defendants' motion for summary judgment on plaintiff's retaliatory termination claim shall be granted.

## Conclusion

In light of the foregoing, it is

ORDERED THAT defendants' motion for summary judgment be, and the same hereby is, granted with regard to plaintiff's claim for retaliatory termination, and denied as to all other claims. A scheduling conference is set for October 17, 2005 at 9:00 a.m.

So ordered.

s/ James G. Carr
James G. Carr
Chief Judge